### IVY v MISCHKA

Ohio Appeals, 9th Dist, Lorain Co
No 530.   Decided Oct. 21, 1930

Baird & Vandemark, Elyria, for Ivy.
Walter H. Watts, Elyria, for Mischka.

FUNK, PJ.

Under the universal and fundamental rule that it is the province of the jury to make such reasonable deductions from the evidence as they may deem proper, and may believe or disbelieve any part or all of the testimony of any witness, it is perhaps a close question whether or not this instruction should be construed as evidence tending to show that Metzler was not driving the car as agent for defendant, as it will

be observed that defendant did not instruct him not to drive the car, that he left the key for the car with Metzler or at least did not ask him to return it, and that it might easily be inferred that the reason defendant instructed Metzler to leave the car stand until the day's work was done was because defendant did not have time to help start the car until that time and was not an instruction that if Metzler could get the car started in the meantime, he would not be authorized to at least drive it to the office, because if defendant would take his Studebaker car down to give the Ford car a pull to start it, we cannot say that it could not be inferred that Metzler was to drive the car when they did get it started, as defendant having his Studebaker car there, would perhaps drive that while Metzler would drive the Ford. Furthermore, the jury might infer from all the circumstances that said Metzler may have gone home for lunch or for some other reason after defendant went to the bankruptcy court, and in some way got the sar started and was driving it to the office of defendant as he was originally instructed to do.

However, be that as it may, this is not all the testimony in the record concerning the authority of Walter Metzler to drive the car. On page 29 of the record it appears in the testimony of the plaintiff that at the trial of the City v. Walter Metzler in the Juvenile Court, the defendant in the presence of plaintiff, made a statement to the court with reference to this accident that "Walter Metzler was in his employ at the time."

It will be observed that this testimony is undisputed and has the defendant saying to the juvenile judge in a case against said Walter Metzler that Walter Meztler was in his employ at the very time of the accident.

We believe that, taking this undisputed testimony together with that of the defendant and the record as a whole, there was some evidence, though it may be slight, tending to show that Walter Metzler was driving the Ford car as the agent of the defendant at the time of the accident.

We are therefore of the opinion that it was error for the court to direct a verdict and that it should have overruled the motion for a directed verdict.

Judgment reversed and cause remanded for further proceedings according to law.

Pardee, J, and Washburn, J, concur.